UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIEISHA HODGES *and* ROXANNE COLAMARINO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KING'S HAWAIIAN BAKERY WEST, INC.,<br><br>Defendant. | Case No. 4:21-cv-04541-PJH<br><br>**[PROPOSED] ORDER DENYING MOTION TO DISMISS COMPLAINT** |

1    Having reviewed and considered the papers and arguments submitted by Defendant King's
2    Hawaiian Bakery West, Inc. ("Defendant" or "King's Hawaiian") in support of its motion to
3    dismiss the Class Action Complaint, the papers and arguments submitted by Plaintiffs Dieisha
4    Hodges and Roxanne Colamarino (together, "Plaintiffs") in opposition thereto, and the pleadings,
5    documents, and records on file in this action, the Court hereby ORDERS that, for the reasons set
6    forth below, Defendant's motion to dismiss is DENIED in its entirety.

7    Plaintiff Hodges, a California resident, and Plaintiff Colamarino, a New York resident,
8    allege Defendant deceptively advertised its Original Hawaiian Sweet Rolls (the "Product") using
9    front-label representations including "HILO, HAWAII," "EST. 1950," "KING'S HAWAIIAN,"
10   "ORIGINAL HAWAIIAN SWEET ROLLS," tropical flowers in shades of orange, and a three-
11   point pineapple crown.  Plaintiffs allege these statements, especially the statements "HILO,
12   HAWAII" and "EST. 1950," differentiated the Product from its many similarly-labeled competing
13   Hawaiian sweet roll products by leading consumers to believe the Product is made in Hawaii with
14   traditional Hawaiian ingredients such as Hawaiian pineapple juice, honey, and sugar, using
15   traditional Hawaiian methods.  Plaintiffs allege these representations enabled Defendant to charge
16   a price premium for the Product based on the belief that the Products were authentically Hawaiian
17   and that in the absence of the representations, they would not have purchased the Product, would
18   not have been willing to pay as much for the Product, or would have purchased competing
19   Hawaiian sweet rolls.  Plaintiffs allege that the Products are in fact not made in Hawaii as their
20   front labeling indicates and are, instead, made in California.

21   Plaintiffs bring claims for violation of California's Unfair Competition Law, CAL. BUS. &
22   PROF. CODE § 17200 *et seq.* ("UCL"), False Advertising Law, CAL. BUS. & PROF. CODE § 17500
23   *et seq.* ("FAL"), and Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq.* ("CLRA"),
24   for violation of New York General Business Law sections 349 and 350, and for unjust enrichment,
25   on behalf of two proposed classes of consumers from California and New York who purchased
26   the Product.  Plaintiffs pray for monetary and injunctive relief.

27   Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil
28   Procedure 12(b)(6).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to

1   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
2   (2007). The Court must "accept all factual allegations in the complaint as true and construe the
3   pleadings in the light most favorable to the nonmoving party," *Ariix, LLC v. NutriSearch Corp.*,
4   985 F.3d 1107, 1114 (9th Cir. 2021), and should "draw all reasonable inferences in favor of the
5   plaintiff," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). "The
6   plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
7   possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8   First, the Court rejects Defendant's argument that the Complaint does not plausibly allege
9   the labeling of Defendant's Original Hawaiian Sweet Rolls is likely to deceive a reasonable
10  consumer. Whether a business practice is deceptive or misleading under California and New York
11  consumer protection law is governed by the "reasonable consumer" standard. *Mantikas v. Kellogg
12  Co.*, 910 F.3d 633, 636 (2d Cir. 2018); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.
13  2008); *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020).

14  Under the reasonable consumer standard, plaintiffs must "show that 'members of the public
15  are likely to be deceived.'" *Williams*, 552 F.3d at 938. "The California Supreme Court has
16  recognized 'that these laws prohibit "not only advertising which is false, but also advertising which
17  [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to
18  deceive or confuse the public."'" *Id.* Under the reasonable consumer standard, it is a "rare
19  situation" in which dismissal under the reasonable consumer standard is appropriate on a motion
20  to dismiss; this is only appropriate where "it [is] impossible for the plaintiff to prove that a
21  reasonable consumer was likely to be deceived." *Id.* at 939.

22  This is not the rare situation in which it is impossible for Plaintiffs to prove their claims
23  such that dismissal under the reasonable consumer standard is appropriate as a matter of law on a
24  motion to dismiss. Plaintiffs plausibly allege the representations at issue ("HILO, HAWAII,"
25  "EST. 1950," "KING'S HAWAIIAN," and "ORIGINAL HAWAIIAN SWEET ROLLS," the
26  Hawaiian trade dress of orange tropical flowers, and the three-point pineapple crown logo, Compl.
27  ¶¶ 25-26, 29), are deceptive because they indicate to reasonable consumers that the Products are
28  made in Hawaii with Hawaiian ingredients, when, in fact, the Products are not made in Hawaii

and, instead, are made in California. *E.g.*, *id.* at ¶¶ 23-24, 29-31, 42-43, 46-53, 62, 66, 69, 112, 119-20. This is so in important part because Defendant's "HILO, HAWAII" and "EST. 1950" representations distinguish the Product from the many competing Hawaiian sweet roll products that are labeled otherwise virtually identically to the Product. The Court rejects Defendant's arguments that specific geographic references beyond "HILO, HAWAII" (e.g., a map or a street address) are required in this case, that language on the back of the Product label automatically cures its front label misrepresentations, and that a product cannot both evoke the spirit of a country *and* mislead reasonable consumers. *E.g.*, *de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. 20-cv-02324-JGB-SP, 2021 WL 1731604, at *3-5 (C.D. Cal. Apr. 22, 2021); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 466-69 (S.D.N.Y. 2020); *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-cv-02713-JAK-JPR, 2017 WL 9362139, at *7-8 (C.D. Cal. Oct. 16, 2017).

Second, the Complaint satisfies Federal Rule of Civil Procedure 9(b) because Plaintiffs have pled the who, what, when, where, and how of the fraud sufficiently to place Defendant on notice of the particular misconduct alleged. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020); *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 997 (S.D. Cal. 2015). The who is Defendant; the what is the front label representations at issue ("EST. 1950," "KING'S HAWAIIAN," "HILO, HAWAII," "ORIGINAL HAWAIIAN SWEET ROLLS," tropical flowers in shades of orange, and a three-point pineapple crown, Compl. ¶¶ 25-26, 29); the when is during the class period; and the where is on the front label of the Products. The how and why are that the representations at issue deceived Plaintiffs and other reasonable consumers into believing the Products were made in Hawaii with Hawaiian ingredients, when in fact they were not.

Third, contrary to Defendant's arguments, Plaintiffs have sufficiently pled a plausible claim for unjust enrichment for the same reasons as they have plausibly pled their consumer protection claims. Furthermore, even assuming Plaintiffs unjust enrichment claim is duplicative, Plaintiffs are allowed to plead unjust enrichment in the alternative under Federal Rule of Civil Procedure 8(d)(2). *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015); *Warner v. StarKist Co.*, No. 1:18-cv-00406-GLS-ATB, 2019 WL 1332573, at *3 (N.D.N.Y. Mar. 25, 2019); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-04427-NGG-ST, 2017 WL

1   5201079, at *15 (E.D.N.Y. Nov. 9, 2017).

2   Fourth, Plaintiffs' pre-suit CLRA notice letter provided sufficient notice to Defendant of Plaintiffs' claims against it under the CLRA to allow Plaintiffs' Complaint to seek damages under the CLRA. *Tribendis v. Life Care Centers of Am., Inc.*, No. 2:14-cv-02765-DMG-PJW, 2014 WL 12639322, at *5-6 (C.D. Cal. Sept. 19, 2014). The CLRA "requires notice to include the particular alleged violations of Section 1770,' but there is no case law describing how 'particular' the notice must be." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 1001 (N.D. Cal. 2007). Ms. Hodges' notice sufficiently identifies the Product at issue and the representations at issue, including "HILO, HAWAII" and "EST. 1950," and sufficiently describes the gravamen of Plaintiffs' claim that Defendant violated the CLRA to satisfy the purpose of the CLRA's notice requirement, which is to enable Defendant to make appropriate corrections or replacements. *Id.* at 1001-02. Nothing further is required. *E.g.*, *Vassigh v. Bai Brands LLC*, No. 14-cv-05127-HSG, 2015 WL 4238886, at *8 (N.D. Cal. July 13, 2015).

Finally, Plaintiffs have adequately alleged that they have Article III standing to seek injunctive relief, as their allegations give rise to a plausible inference that they will be similarly harmed by uncertainty over whether Defendant's representations regarding the immediate geographic origin of the Product are deceptive in the future. *Haas v. Travelex Ins. Servs. Inc.*, No. 2:20-cv-06171-ODW-PLA, 2021 WL 3682309, at *3 (C.D. Cal. Aug. 19, 2021). Contrary to King's Hawaiian's argument, knowledge that its Product marketing was deceptive in the past does not equate to knowledge that it will remain false in the future. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018); *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3 (N.D. Cal. Mar. 18, 2015). And contrary to Defendant's argument, the onus is not on Plaintiffs to examine the back of the Product labels in the future to try to determine whether Defendant's front-label representations regarding the Product's immediate geographic origin are in fact deceptive. *Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368, at *6 (N.D. Cal. Apr. 21, 2020).

For all of these reasons, the Court DENIES Defendant's motion to dismiss in full.

**IT IS SO ORDERED.**

Date: _____

_____
Honorable Phyllis J. Hamilton
United States District Judge

[PROPOSED] ORDER DENYING MOTION TO DISMISS COMPLAINT
*Hodges v. King's Hawaiian Bakery West, Inc.*, No. 4:21-cv-04541-PJH

5